CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 0 2 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARVIN BLOCKER, ) | Civil Action No. 7:13cv00228 |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | |
| OFFICER BURGINS *et al.*, ) | By: Samuel G. Wilson |
| Defendants. ) | United States District Judge |

Plaintiff Marvin Blocker, a Virginia inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against twelve employees of Wallens Ridge State Prison ("WRSP").[1] Blocker has supplemented his § 1983 complaint-form with 116 pages of journal entries, letters, grievances, and informal complaints that generally describe how WRSP employees are verbally abusing him, calling him objectionable names, tampering with and stealing his mail, contaminating his food, and disrupting his sleep. As relief, Blocker ask the court to order the defendants to "repay postage, stolen money, and magazines"; let Blocker "serve [his] time without being dehumanized"; and move him to a different prison "until another state takes [him]." (Compl. 6, ECF No. 1.)

Under 28 U.S.C. § 1915A, district courts are required to review prisoner complaints for compliance with the basic rules of pleading, and in doing so, the court must either "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." § 1915A(b). A complaint must allege "enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

---

[1] The docket incorrectly shows only eight defendants. In addition to those eight, Blocker has named the warden, Lt. King, Sgt. Light, and a member of the corrections staff named "McCray." Though Blocker names twelve defendants in his complaint, he also indicates that there are "others" and states that "as many as 60 staff of several different departments" have abused him. (Compl. 4, ECF No. 1.)

The familiar rules of pleading are greatly relaxed for *pro se* plaintiffs, however, and litigants with meritorious claims should not be stymied by technical requirements. See Beaudett v. City of Hampton, 775 F.2d 1274, 1277–78 (4th Cir. 1985). Still, the relaxation of the pleading rules is not without limits. A court must, at a minimum, be able to discern from the complaint the parties being sued and the alleged conduct on which each claim rests. Though relaxed, the standard still demands general coherence, and it does not require courts "to conjure up questions never squarely presented to them." Id. at 1278.

Here, as with his previous two complaints,[2] Blocker has alleged a number of wrongs but offered scant factual support for them, largely failed to connect any particular wrong to any particular defendant,[3] and neglected to ground his complaint on any constitutional or statutory provision. Blocker offers little context for the 116 pages he has attached to his complaint, and many of those pages have no readily discernible relationship to his allegations. While the pleading rules do not impose an exacting standard on Blocker, and while the court is solicitous of his claims, he must offer some foothold on which the defendants can base an answer or on which the court can base a judgment. Accordingly, the court dismisses Blocker's complaint without prejudice for failure to state a claim.

**ENTER:** July 2, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[2] See Blocker v. Warden, 7:13cv00103 (W.D. Va. Apr. 25, 2013); Blocker v. Virginia State Prison Officials, W.R.S.P., 7:13cv00027 (W.D. Va. Jan. 24, 2013).

[3] For instance, Blocker complains that the defendants regularly put human excrement and semen in his food. If true, that conduct would be as unconstitutional as it would be abhorrent. From Blocker's complaint, however, the court cannot tie the alleged contamination to any one of the twelve defendants, and Blocker offers no support for the allegation other than his clear dissatisfaction with WRSP's food-service and his bare opinion that the food is "clearly contaminated." (See, e.g., Exs. 3, 6, ECF No. 1-1.) In another example, Blocker alleges that on March 11, 2013, defendant Burgins hit him in the chest and defendant Hall kicked him, but he offers no facts whatsoever in support of those allegations.